# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MAKUEEYAPEE D. WHITFORD,<br><br>Plaintiff,<br><br>vs.<br><br>REGINALD D. MICHAEL, et al.,<br><br>Defendants. | Cause No. CV 20-80-H-SEH<br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit upon determination that Plaintiff's June 24, 2021, Motion for Reconsideration[1] should have been construed as a Fed. R. Civ. P. 60(b)(1) motion.[2]

Plaintiff originally submitted a 187-page complaint replete with extraneous information and argument.[3] An amended complaint was ordered.[4] Plaintiff initially requested and received an extension of 30 days in which to file an amended complaint.[5] He then requested a second extension. An additional extension of ten days was ordered.[6]

---

[1] Doc. 18 at 6. The clerk received and filed the motion on June 25, 2021.
[2] Docs. 23, 26.
[3] Docs. 2, 2-1, 2-2, 2-3, 2-4, 2-5, 2-6.
[4] *See* Doc. 8; *see also* 42 U.S.C. § 1983.
[5] Docs. 9, 10.
[6] Docs. 11, 12, 13. Plaintiff mistakenly represents that he had ten days to amend his

On April 1, 2021, two weeks after the ordered deadline to file an amended complaint had expired, the Court dismissed the case with prejudice for failure to comply with a court order. Judgment was entered the same day.[7]

More than six weeks later after judgment was entered, the clerk, on May 19, 2021, received and filed Plaintiff's Motion to Dismiss without Prejudice.[8] The electronic filing form indicated Plaintiff had delivered the motion[9] to prison authorities on March 7, 2021,[10] although the motion itself was dated March 11, 2021.[11] On June 14, 2021, the Court, construing the motion as one to alter or amend judgment, dismissed it as untimely.[12]

On June 24, 2021, Plaintiff moved the Court to reconsider its order denying the untimely post-judgment Motion to Dismiss without Prejudice. The motion was denied.[13]

The Court has reviewed the June 24, 2021, Motion under Fed. R. Civ. P. 60(b)(1).[14] It has also considered Plaintiff's response to the order to show cause.[15]

---

complaint. *See* Doc. 28 at 2 ¶¶ 1–4.
[7] Docs. 14, 15.
[8] Doc. 16.
[9] Doc. 16.
[10] Doc. 16-1.
[11] Doc. 16 at 4.
[12] Doc. 17; *see also* Fed. R. Civ. P. 59(e).
[13] Doc. 19.
[14] *See* Doc. 28 at 9–10 ¶ 26.
[15] Docs. 27, 28.

Plaintiff must show a mistake, inadvertence, surprise, or excusable neglect justifying relief from the judgment.[16] He contends, in substance, that the Court mistakenly failed to apply the prison mailbox rule and that he timely submitted a motion to dismiss on March 7, 2021, but that prison staff failed to scan and deliver the motion to the Court for filing until May 19, 2021.[17]

Upon initial review, the Court recognized the potential for application of the prison mailbox rule but found insufficient basis to apply it. The record before the Court, nevertheless, conflicts with Plaintiff's assertion that he submitted a motion to dismiss without prejudice on March 7. The issue is whether Plaintiff's neglect in failing to monitor his own filings was excusable.

According to Plaintiff, the two-month delay between his claimed submission of the motion on March 7 and its filing on May 19 was not his fault. Moreover, he asserts that as soon as he gave the motion to prison staff to be scanned and emailed to the clerk, he had "no idea . . . of [the motion's] whereabouts [or] whether or not it had been properly filed."[18]

Plaintiff was both able and required to monitor the clerk's filing of his documents.[19] He contends that he did not receive notice confirming his filing on or

---

[16] Fed. R. Civ. P. 60(b)(1).
[17] Doc. 28 at 3 ¶¶ 8–9, 10 ¶ 31; Doc. 18 at 2 ¶ 2.
[18] Doc. 18 at 3 ¶ 6.
[19] Doc. 3 at 1; *see also* Standing Order BMM-06 at 3 ¶ 5(c) (D. Mont. Oct. 15, 2020). SO BMM-06 amended SO DLC-46, *cited in* Doc. 3 at 2, by making the pilot project permanent,

about March 7,[20] although it was not until June 24 that he brought prison staff's supposed neglect or malfeasance to the Court's attention.[21] He does not explain the three-and-a-half month period of inaction that took place after he ostensibly submitted a motion to the Court before he received notice of filing.

Setting the judgment aside, arguably, would not materially prejudice the defendants, and the period of delay could be said to have little impact on the proceedings.[22] However, the Court is unable to find an acceptable reason for what would be, by Plaintiff's own account, a 109-day delay in calling attention to supposed neglect or malfeasance of prison staff. The representation that Plaintiff submitted a motion for filing in March is inconsistent with both the May 19, 2021, electronic filing record and with his responsibility to monitor the filing of his own documents.

Plaintiff has not claimed he did not receive timely notice of the entry of judgment on April 1 or that he was surprised to learn of it belatedly.[23] He does not

---

eliminating language describing where documents should be submitted for filing at the prison, and eliminating a previous requirement that prison staff print the first page of the inmate's filed document. Both Orders require prison staff to give each inmate the notice of electronic filing, which shows the date and time of the court filing, the docket entry, and the number of pages filed by the clerk. The clerk's notice of case opening, *e.g.*, Doc. 3 at 2, advises inmates of this requirement.

[20] Doc. 18 at 3–4 ¶¶ 6–7.
[21] Doc. 18.
[22] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260–61 (9th Cir. 2010).
[23] Doc. 18 at 1–2 ¶¶ 1–3.

allege inadvertence. He claims no facts suggesting the judgment is void[24] or supporting a finding of extraordinary circumstances justifying relief.[25] The Rule 60(b) Motion[26] is denied.

The Court will construe the appellate court's ruling as an indication that Plaintiff's forma pauperis status should continue on appeal.[27]

**ORDERED:**

The Rule 60(b) Motion[28] is DENIED.

DATED this 21st day of June, 2022.

SAM E. HADDON
United States District Judge

---

[24] Fed. R. Civ. P. 60(b)(4).
[25] Fed. R. Civ. P. 60(b)(6).
[26] Doc. 28.
[27] *See* Fed. R. App. P. 24(a)(3).
[28] Docs. 18, 28.